UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Yaakov Steinmetz, individually and on behalf of all others similarly situated;<br><br>                                    Plaintiff,<br><br><br><br>       -v.-<br>Alltran Financial, LP,<br>LVNV Funding, LLC,<br>and John Does 1-25,<br><br>                                    Defendant(s). | Civil Action No:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Yaakov Steinmetz (hereinafter, "Plaintiff") a New York resident, brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendant Alltran Financial LP (hereinafter "Defendant Alltran" or "Alltran") and Defendant LVNV Funding, LLC (hereinafter "Defendant LVNV" or "LVNV")   individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.      Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was

1

concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts' does not require 'misrepresentation or other abusive debt collection practices'." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the majority of acts and omissions surrounding this claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

6. Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Kings, residing at 34 Franklin Ave, Suite 327, Brooklyn, NY 11205.

8. Defendant Alltran is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for service in New York at CT Corporation System, 28 Liberty St, New York, NY, 10005.

9. Upon information and belief, Defendant Alltran is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant Alltran is a "debt collector" as defined under the FDCPA under 15 U.S.C. § 1692a(6).

11. Defendant LVNV is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for service in New York at Corporation Service Company, 80 State Street, Albany, NY, 12207.

12. Upon information and belief, Defendant LVNV is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

13. Defendant LVNV is a "debt collector" as defined under the FDCPA under 15 U.S.C. § 1692a(6).

14. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

**CLASS ALLEGATIONS**

15. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

16. The Class consists of:

   a. all individuals with addresses in the State of New York;

   b. to whom Alltran Financial LLP sent a collection letter attempting to collect a consumer debt;

   c. on behalf of Defendant LVNV Funding LLC;

   d. that overshadowed the consumers' rights as required by 15 U.S.C. § 1692g (known as the "G Notice");

   e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

17. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entitles on whose behalf they attempt to collect and/or have purchased debts.

18. Excluded from the Plaintiff Classes are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

19. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, violate 15 U.S.C. §§ l692e and §§ l692g.

20. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience

in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

21. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, violate 15 USC §1692e and §1692g.

    c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff have no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

22. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

23. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

24. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

25. Some time prior to April 19, 2019, an obligation was allegedly incurred to US Bank N.A.

26. The US Bank N.A. obligation arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes, specifically a personal credit card.

27. The alleged US Bank N.A. obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

28. US Bank N.A. is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

29. Defendant LVNV, a subsequent owner of the US Bank obligation, contracted the Defendant Alltran to collect the alleged debt.

*Violation I – April 19, 2019 Collection Letter*

30. On or about April 19, 2019 Defendant sent the Plaintiff an initial written communication (the "Letter") seeking to collect an alleged debt.  **See April 19, 2019 Collection Letter – Attached hereto as Exhibit A.**

31. When a debt collector solicits payment from a consumer, it must, within five days of an initial communication, provide the consumer with a written validation notice which must include the following information:

> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor 15 U.S.C. § 1692g(a).

32.     The FDCPA further provides that if the consumer notifies the debt collector in writing within the thirty day period … that the debt, or any portion thereof, is disputed … the debt collector shall cease collection … until the debt collector obtains verification of the debt … and a copy of such verification is mailed to the consumer by the debt collector. 15 U.S.C. § 1692g(b).

33.     This letter contains the "G-Notice" but it is completely overshadowed by earlier statements in the letter.

34.     Although a collection letter may track the statutory language, "the collector nonetheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty." *Russell v. EQUIFAX A.R.S.*, 74 F. 3d 30, 35 (2d Cir. 1996) ("It is not enough for a debt collection agency simply to include the proper debt validation notice in a mailing to a consumer – Congress intended that such notice be clearly conveyed.") Put differently, a notice containing "language that 'overshadows or contradicts' other language informing a consumer of her rights … violates the Act." *Russell*, 74 F. 3d at 34.

35.     The letter states "Your account has been assigned to Alltran Financial, LP for collection as a pre-legal account. If we are not able to resolve your account, it will be returned to the creditor who will review it to determine whether they will place it with an attorney for further collection efforts"

36.     The use of the phrase "pre-legal" threatens the consumer's thirty-day validation rights by making threats of a lawsuit during the initial thirty-day period.

37.     This language implies that the legal process of a lawsuit has been set in motion, by the use of the phrase "pre-legal," which connotes that this account is in an early step of the legal process, when in reality, the account is nowhere near a lawsuit.

38. In fact, if the account is not settled, it goes back to the creditor, who reviews it to determine whether they will place it with an attorney, who will then make their own determination.

39. Thus, to describe the account as pre-legal is misleading and deceptive to the consumer.

40. Moreover, these threats only serve to coerce Plaintiff into paying immediately to avoid the threat of legal action in lieu of exercising his right to validate or dispute the debt provided him under the "G-Notice."

41. Defendant failed to provide Plaintiff, a consumer, with a proper initial communication letter which overshadowed Plaintiff's rights under the FDCPA.

42. This overshadowing subjected Plaintiff to an informational injury as he was not able to fully ascertain his statutory rights.

43. As a result of Defendant's deceptive misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e
*et seq.*

44. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

45. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

46. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

47. Defendant violated said section by making a false and misleading representation in violation of §1692e(10).

48. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g *et seq.*

49. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

50. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

51. Pursuant to 15 U.S.C. §1692g(b), the language in a debt collector's letter cannot overshadow a plaintiff's right to validate or dispute the debt afforded him by § 1692g.

52. The threat of legal action served to overshadow Plaintiff's rights under the FDCPA.

53. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

54. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Yaakov Steinmetz, individually and on behalf of all others similarly situated, demands judgment from all Defendants, as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Raphael Deutsch, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.


Dated: Hackensack, New Jersey
January 30, 2020

                                         /s/ *Raphael Deutsch*
                              By:  Raphael Deutsch, Esq.
                              **Stein Saks, PLLC**
                              285 Passaic Street
                              Hackensack, NJ 07601
                              Phone: (201) 282-6500
                              Fax: (201) 282-6501
                              *Attorneys For Plaintiff*